UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALLEN COX, JR., | * |
| Plaintiff | * |
| | * NO. _____ |
| v. | * |
| | * JURY DEMAND |
| CSX TRANSPORTATION, INC., | * |
| Defendant | * |

COMPLAINT

Comes Plaintiff and sues Defendant for damages and other relief, showing the Court as follows:

I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to 42 U.S.C. §12101, *et seq.*, to secure protection and redress for the deprivation of rights guaranteed by the Americans with Disabilities Act, as amended, (the "ADA") against discrimination in employment.

II. NATURE OF PROCEEDING

2. This is a proceeding for back pay and benefits due Plaintiff; for injunctive relief requiring Defendant's re-employment of Plaintiff at his former position or front pay in lieu of reinstatement; for compensatory damages; punitive damages; costs, prejudgment interest and attorney fees; and for such additional relief as may be necessary to effectuate the purposes of the ADA.

III. THE PARTIES

    3. Plaintiff Allen Cox, Jr. was residing and working in Hamilton County, Tennessee, at all times material. Plaintiff is now residing in the State of Washington.

    4. Defendant CSX Transportation, Inc. is a Virginia corporation and operates a business location in Chattanooga, Hamilton County, Tennessee.

    5. Plaintiff was employed at the Chattanooga location, and the matters giving rise to this complaint occurred in Chattanooga, Hamilton County, Tennessee.

    6. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to the ADA.

IV. FACTUAL BASIS

    7. Plaintiff was employed by Defendant as an Assistant Superintendent at Defendant's Chattanooga location when he was terminated.

    8. Plaintiff had been employed by Defendant for more than 15 years. Plaintiff had received numerous compliments from his immediate supervisor, Mike Dilday, and had received a bonus and rating of "achieves expectations" in 2018.

    9. In 2018, Plaintiff was diagnosed and hospitalized with a serious illness that resulted in chronic obstructive pulmonary disease (COPD). This condition constituted a disability within the meaning of the ADA.

    10. Plaintiff had notified his immediate supervisor of his illness and diagnosis, but he had not notified anyone in higher management.

    11. Mike Dilday and Plaintiff had frequent conversation, and Plaintiff's work directives were given to Plaintiff by Mr. Dilday. Mr. Dilday's boss and the General Manager was Rodney

Brown. Though Mr. Brown was in charge of the Chattanooga rail yard and Plaintiff's supervisor, the ultimate work directives came from Mr. Dilday.

12. In spring of 2020, Plaintiff was contacted by Mr. Brown to discuss safety and how the Chattanooga rail yard was handling the pandemic. During the conversation, Plaintiff told Mr. Brown about his disability and that he was wearing a mask and being very careful during the pandemic. Mr. Brown became very angry when he learned of Plaintiff's disability, and his attitude toward Plaintiff changed.

13. Mr. Brown began scrutinizing Plaintiff's work and questioned routine decisions made by Plaintiff.

14. Mr. Brown's attitude toward Plaintiff became so unreasonable that it was apparent that he believed Plaintiff was a liability and incapable of performing his duties.

15. During this time, there were a couple of unreportable incidents at the railroad. One such incident was when a tank car rolled and hit a few other rail cars. Plaintiff's immediate supervisor, Mr. Dilday was overseeing the accident because it occurred on a main rail line.

16. Plaintiff reported to the rail accident site and performed the duties required of him from his car. Because of the heat that day and Plaintiff's disability he was unable to remain outside for a long period of time. Plaintiff's boss was aware of this accommodation need and did not object to accommodating Plaintiff, particularly since the work then being performed could be done in Plaintiff's vehicle.

17. However, when Mr. Brown learned about the incident, he became very angry with Plaintiff and told him to "get off your n_ts and walk down there." He further told Plaintiff, "Don't come back (to work) until after I call you."

18. Later that day, May 26, 2020, Plaintiff was terminated.

19. Plaintiff's termination was discriminatory and in violation of the ADA.

20. Defendant terminated Plaintiff because of his disability.

V. CLAIMS

21. Defendant was aware of Plaintiff's disability.

22. Defendant discriminated against Plaintiff on the basis of his disability in the terms and conditions of his employment in violation of 42 U.S.C. §12101, *et seq*.

23. Defendant discriminated against Plaintiff by terminating his employment because of his disability in violation of 42 U.S.C. §12101, *et seq*.

24. Defendant is responsible for the acts of its supervisory employees.

VI. JURISDICTIONAL PREREQUISITE

25. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff has received a Notice of Right to Sue, which is attached.

VII. DAMAGES

26. Plaintiff has suffered because of Defendant's wrongful acts in refusing to accommodate his disability and terminating Plaintiff.

27. Plaintiff lost and will continue to lose salary, opportunities and advancement, and various employee benefits, which he would have earned had he been allowed to continue in his position and employment with Defendant.

28. Plaintiff has suffered great mental anguish resulting from the embarrassment and humiliation that he experienced because of Defendant's actions.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That service be issued and properly served upon Defendant and Defendant be required to answer within the time prescribed by law;

b. That upon the hearing of this cause, Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which he has lost from the date of Defendant's discriminatory action;

c. That the Court issue an injunction requiring Defendant to re-employ Plaintiff at his former position with all employment rights and benefits to which he would have been entitled, and without harassment or illegal conditions imposed on his job, or, in the alternative, front pay and benefits in lieu of reinstatement;

d. That Plaintiff be awarded additional compensatory damages for humiliation and embarrassment and emotional distress, pursuant to 42 U.S.C. §12101, *et seq.*;

e. That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper pursuant to 42 U.S.C. §12101, *et seq.*; and

f. Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

BY: \_\_\_\_s/ *Frank P. Pinchak*_____
Frank P. Pinchak, BPR #002094
Harry F. Burnette, BPR #004803
Madison Hahn, BPR #037860
*Attorneys for Plaintiff*
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
fpinchak@bdplawfirm.com
hburnette@bdplawfirm.com
mhahn@bdplawfirm.com